George Fuller GREEN and Nina King Green, Appellants,

v.

E. O. BOOKWALTER, District Director of Internal Revenue, Appellee.

No. 17178.

United States Court of Appeals
Eighth Circuit.

July 2, 1963.

Lancie L. Watts, Kansas City, Mo., for appellants; Marvin C. Hopper, and Charles C. Shafer, Jr., Kansas City, Mo., with him on the brief.

Edward L. Rogers, Atty., Dept. of Justice, Washington, D. C., for appellee; Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., and F. Russell Millin, U. S. Atty., and John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., with him on the brief.

Before SANBORN and BLACKMUN, Circuit Judges, and STEPHENSON, District Judge.

SANBORN, Circuit Judge.

This is an appeal from a judgment for the defendant (appellee) in an action for a refund of federal income tax for the year 1956. The action was based upon the claim that the Commissioner of Internal Revenue illegally assessed a deficiency against the plaintiffs (appellants), due to his disallowance of valid deductions taken by them in their income tax return for that year, and that he had denied their claim for refund of the deficiency assessed, which they had paid.

The plaintiffs in their 1956 income tax return had claimed two deductions for travel expenses: one for "Non-reimbursable travel expenses [of George Fuller Green] as a member of Commission of International Relations and Trade, Kansas City, Missouri * * * $1,645.77" and "Entertainment expenses of above, $20.00," on a trip to Latin America; and the other for Mr. Green's travel expenses as a member of the Park Board of Kansas City, Missouri, amounting to $369.25, on a trip to the West Coast.

The case was tried to the late Judge R. Jasper Smith. His death occurred before he had decided it. It was resubmitted to Judge John W. Oliver for decision upon

the trial record made before Judge Smith. Judge Oliver decided that there had been no illegal disallowance of deductions by the Commissioner of Internal Revenue and no overpayment of taxes by the plaintiffs. He dismissed their complaint.

The plaintiffs on appeal challenge only two rulings of the trial court. One is the ruling that on the trip to Latin America, as a Commissioner of the Kansas City Commission for International Relations and Trade, with the 29 other Commissioners, including the Mayor of Kansas City, Missouri,—appointed by the Mayor pursuant to a Resolution of the City Council—Green was not performing "the functions of a public office" within the meaning of § 7701(a) (26)[1] of the Internal Revenue Code of 1954, 26 U.S.C. 1958 ed., and was therefore not entitled to deduct his traveling expenses under § 162(a) (2) of the Internal Revenue Code of 1954, 26 U.S.C.1958 ed., which provides that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * (2) traveling expenses * * * while away from home in the pursuit of a trade or business." The other ruling challenged is that the expenses in question were nondeductible under § 170(a) (1) and 170(c) (1) of the Internal Revenue Code of 1954, 26 U.S.C.1958 ed., as a charitable contribution or gift for the use of a political subdivision of a State "made for exclusively public purposes."

Judge Oliver, in a comprehensive opinion, 207 F.Supp. 866, has stated in detail the facts leading to the creation of the Kansas City Commission for International Relations and Trade, the purposes for which it was organized, the steps that were taken in an attempt to give to the members of the Commission the status of city officials who would be entitled to deduct travel expenses, and his reasons for concluding (1) that Mr. Green did not, by virtue of his membership on the Commission, become the kind of public officer who, in the performance of his functions on the trip to Latin America, was entitled to deduct his necessary traveling or other expenses; and (2) that he was not entitled to deduct them as charitable contributions.

We are told by the appellants that "no deference is due to the opinion of the court below in this case," because the record on appeal is the same as the record upon which the case was submitted below. There are two reasons why we must reject that contention: (1) This is a court of review and not a court for the retrial of cases (see Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 137); and (2) we think the trial judge, who was charged primarily with the duty and responsibility of deciding this case, decided it correctly. We can think of nothing less worth doing than copying, restating, repeating or paraphrasing what has adequately and understandably been stated in the opinion of the District Court. The question before us is, as a practical matter, whether we agree or disagree with the rulings of Judge Oliver which are challenged on appeal. His opinion demonstrates that he was under no misapprehension as to the applicable law. There was, in our opinion, no misapplication of the law to the facts. It must be remembered that the Commissioner of Internal Revenue had disallowed the deduction in suit and the burden was on the plaintiffs to prove that he was wrong. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212. This burden, we think, they failed to sustain.

The judgment appealed from is affirmed.

---

1. "§ 7701. Definitions
"(a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof—
* * * * *

"(26) Trade or business.—
"The term 'trade or business' includes the performance of the functions of a public office."