Gerald W. FRANK, Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 75–2784.

United States Court of Appeals,
Ninth Circuit.

June 19, 1978.

William S. Estabrook (argued), Dept. of Justice, Washington, D.C., for defendant-appellant.

William E. Hurley (argued), of Bernard, Hurley, Hodges & Kneeland, Portland, Or., for plaintiff-appellee.

Before BARNES and ELY, Circuit Judges, and VAN PELT,* District Judge.

BARNES, Senior Circuit Judge:

This is an appeal by the United States Government from a district court decision holding that the taxpayer was entitled to a refund of taxes paid based upon the district court's finding that amounts expended by the taxpayer in the course of his duties as a public servant were deductible either as ordinary and necessary business expenses or as charitable contributions.

Gerald W. Frank, during 1968, 1969, 1970, and 1971, was employed by the United States Senate as an administrative assistant to Senator Hatfield of Oregon. During this time, his annual salary from the Senate was approximately $1200.00 per year. Although he originally planned to work for Senator Hatfield without receiving payment for his services, Frank was compensated in that amount so that he could go on the Senate floor as an employee of Congress in order to confer with the senator. During the same four years his income from his Salem, Oregon based activities and assets was approximately $88,000.00 per year, or 98% of his income.

While in Washington, the taxpayer first lived in a hotel, and then in a rented apartment. He considered himself a resident of Salem, Oregon, where he voted, owned a house, and had a business office where he kept his personal papers. His duties at the Senate were to report to Senator Hatfield on various problem areas in the world at large. To do this, he travelled extensively. He was not compensated, either by the Senate or by the senator,[1] for any out-of-pocket expenses for these services.

The expenses claimed by Frank as a result of his activities as an administrative assistant were substantial in amount: 1968: $28,351.22; 1969: $27,009.00; 1970: $23,939.00; 1971: $37,734.00.

Significantly, the IRS questioned neither the reasonableness nor the necessity of such claimed expenses, but accepted them as accurate and as necessary to the performance of his duties. When he filed his income tax return the plaintiff claimed these sums as "charitable contributions" to the United States, deductible under Section 174 of the Internal Revenue Code. The IRS disallowed all deductions in excess of plaintiff's salary.

After paying the amount of tax requested, the taxpayer sued for a refund. The trial court allowed the expenses claimed in full under Section 162 of the Internal Revenue Code as ordinary and necessary business expenses incurred for travel while away from his home in Salem, Oregon, and made an alternative finding that the expenses claimed were "charitable contributions" to the United States Government

---

* Honorable Robert Van Pelt, United States District Judge for the District of Nebraska, sitting by designation.

1. Because of the senator's original low seniority on Senate Committees, his administrative assistant was not allowed to obtain travel reimbursements.

(under Section 170(a)(1) and Section 170(c)(1)) as a "contribution or gift . . . made for exclusively public purposes").

Three issues are raised on appeal:

1. Were the taxpayer's expenses while he was employed as a member of the Senate Staff deductible as ordinary and necessary business expenses under Section 162 of the Internal Revenue Code (26 U.S.C. § 162 (1967))?

2. Were the funds expended by the taxpayer during the course of his employment as a member of the Senate Staff charitable contributions under Section 170 of the Internal Revenue Code (26 U.S.C. §§ 170(a), 170(c) (1967))?

3. Was the defendant "away from home" under Section 162(a)(2) while he was located in Washington, D.C., so that expenses incurred while in that city are deductible as "ordinary and necessary" business expenses?

### I. ORDINARY AND NECESSARY BUSINESS EXPENSE AS A PUBLIC OFFICE–HOLDER.

Under Section 162(a)(2) of the Internal Revenue Code:

> There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—
>
> \*   \*   \*   \*   \*   \*
>
> traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business . . . .

26 U.S.C. § 162(a)(2) (1967).

■ The trial court found the amounts expended while the taxpayer worked for Senator Hatfield as a member of the Senate Staff were "ordinary and necessary business expenses" under the above-quoted section because they were travelling expenses, incurred while he was away from home, and while he was in pursuit of a trade or business. We agree.

The government argues that the taxpayer should be barred from deducting his expenses as a member of the Senate Staff because he did not engage in that activity *for profit.*

■ While we acknowledge that the general rule is that in order for an activity to be considered a trade or business under Section 162 it must be engaged in for profit, we hold that the rule is modified by the provisions of Section 7701(a)(26) of the Code, 26 U.S.C. § 7701(a)(26) (1967). The section provides that: "[t]he term 'trade or business' includes the performance of the functions of a public office." The subsection was originally enacted as Section 48(d), *Rev. Act* of 1934, 48 Stat. 680, and was drafted to incorporate existing case law. *S.Rep.* 558, 73 Cong., 2d Sess., at 29 (1934).

The best statement of the law existing at the time the Act was passed is contained in *Jackling v. Commissioner,* 9 BTA 312 (1927). In that case, a "dollar-a-year man" in World War I was allowed to deduct expenses incurred while he was a public employee as ordinary and necessary business expenses despite the fact that his job was not undertaken for profit. The court, in reviewing the question of whether a deduction should be allowed, stated:

> The next question is whether the petitioner in computing his net income for 1918 is entitled to deduct the amount of $29,151.37, representing expenditures made by him in that year. . . . The evidence clearly shows that these expenditures were made by the petitioner in furtherance and because of the work he was doing for the Government, and that they would not have been made except for the fact that he was in the service of the Government. They were not made for the benefit of his private business, but were entirely for the benefit of the Government and in furtherance of the work which it had requested the petitioner to supervise. . . . We think that under the circumstances the amounts so expended by the petitioner constituted ordinary and necessary business expenses

and that the deduction claimed should be allowed.

*Id.* at 320.

In addition, the Commissioner himself in analyzing Section 48(d), the predecessor to Section 7701(a)(26), has stated:

> That provision has, therefore, been construed, not as automatically converting into a trade or business the functions of every so-called "public office" performed by a volunteer, but as recognizing that the functions of a public office which are in the nature of a trade or business should be treated as such, even though the incumbent thereof may serve without compensation, a factor which is ordinarily regarded as a prerequisite to the pursuit of a trade or business. Thus, full-time and many part-time military and civilian officers and employees of the Government are regarded as engaged in a trade or business, even though they are not compensated for their services.

*Rev.Rul.* 109, 1955–1 *Cum.Bul.* 262.

■ Thus, if the taxpayer is a public employee under Section 7701(a)(26), he is entitled to deduct his expenses as ordinary and necessary business expenses under Section 162. The cases cited and relied upon by the government, *Five Lakes Outing Club v. Commissioner*, 468 F.2d 443 (8th Cir. 1972), *Adirondack League Club v. Commissioner*, 458 F.2d 506 (2d Cir. 1972); *Transport M. & E. Co. v. Commissioner*, 434 F.2d 373 (8th Cir. 1970), and *Hirsch v. Commissioner*, 315 F.2d 731 (9th Cir. 1963), do not involve public office taxpayers and thus, are inapplicable to the instant appeal.

The government, however, also contends that the taxpayer is not a public employee within the meaning of Section 7701(a)(26). In support of this proposition they cite *Green v. Bookwalter*, 319 F.2d 631 (8th Cir. 1963). In that case, the taxpayers were made public officials and were appointed to the Commission for International Relations and Trade of Kansas City on the advice of

an attorney only because they would be entitled to take a tax deduction for a trip made from Kansas City to South America. The Court recognized that this action was but a ruse, and that the persons attempting to claim the deduction were not true public officials and disallowed the deduction. *Id.* at 633.[2]

While we recognize that every person who holds a public office should not be regarded as a public employee under Section 7701(a)(26), the factual circumstances of *Green v. Bookwalter* are clearly distinguishable from the instant appeal. Here the taxpayer was appointed to the Senate Staff to enable him to better perform his duties as Senator Hatfield's administrative assistant. He had a definite work assignment and functioned as an administrative assistant for an extended period of time. There is no indication that the taxpayer accepted public employment as a tax dodge, or acted other than in good faith, in accepting employment as a member of the senator's staff. We hold that under the facts as enumerated in this opinion the taxpayer was a public employee under Section 7701(a)(26) of the Internal Revenue Code and was therefore entitled to deduct all ordinary and necessary expenses incurred by him under Section 162 of the Internal Revenue Code.

## II. EXPENSES INCURRED WHILE AWAY FROM HOME.

The government argues that the taxpayer's living expenses while he lived in Washington, D.C., and worked as a member of the Senate Staff were not expenses incurred while he was "away from home" under Section 162(a)(2) of the Internal Revenue Code. We agree with the district court's finding that Oregon was the taxpayer's home for tax purposes.

In support of its argument the government states that the taxpayer's home under Section 162 is his principal place of business

---

**2.** The district court adopted a two-pronged test to determine when an individual was a public official: (1) there must be some definite assignment of public activity, and (2) the person must have tenure and duties fixed by appointment. *Green v. Bookwalter*, 207 F.Supp. 866 (1962) *quoting Helvering v. Powers*, 293 U.S. 214, 55 S.Ct. 171, 79 L.Ed. 291 (1934).

or employment, rather than his personal residence, citing *Commissioner v. Stidger*, 386 U.S. 287, 87 S.Ct. 1065, 18 L.Ed.2d 53 (1967) and *Commissioner v. Flowers*, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203 (1946), for that proposition. *See generally Revenue Ruling* 529, 1972–2 Cum.Bul. 37. In *Commissioner v. Stidger*, however, the Court did not decide the issue of whether a taxpayer's home must always be his place of business under Section 162 and instead adopted a narrower holding that a military taxpayer's permanent duty station is his home for tax purposes. 386 U.S. at 292, 87 S.Ct. 1065. Similarly, in *Commissioner v. Flowers*, the Court did not hold that a taxpayer's place of business is his home for tax purposes. Rather, the Court specifically declined to decide the issue and held instead that the expenses in question were not expenses incurred in a trade or business, thus no deduction could be allowed regardless of whether the expenses were incurred while the taxpayer was away from home. 326 U.S. at 472, 66 S.Ct. 250.

While the general rule may be that a person's home should be his place of business for tax purposes, the Supreme Court has not so held.[3] We do not believe the rule should be indiscriminately applied, and instead follow the statement of the Fifth Circuit that where one's "home" is for tax purposes is essentially a question of fact. *Curtis v. Commissioner*, 449 F.2d 225, 227 (5th Cir. 1971). *See Commissioner v. Flowers*, 326 U.S. 465, 470, 66 S.Ct. 250, 90 L.Ed. 203 (1946). Here in view of the fact that the taxpayer's net income in Oregon for the four years in question was $325,241, and his net income earned while located in

the District of Columbia was $4,801 (or less than two percent of his total income for the four years), we cannot say that the trial court was clearly in error in its decision.[4] In addition, the taxpayer did maintain his residence in Oregon throughout the time he was on the Senate Staff, and did maintain an office in Oregon for the purpose of managing his business affairs.

## III. CHARITABLE CONTRIBUTION.

The taxpayer has argued and the trial court found that the amounts incurred by the taxpayer in his job as Senator Hatfield's assistant were charitable contributions within the meaning of Section 170 of the Internal Revenue Code. However, because we have determined that the taxpayer's expenses were ordinary and necessary business expenses under Section 162, we find it unnecessary to determine whether the amounts expended constituted charitable contributions as well.

Because we are convinced that the decision reached by district court was both legally and equitably correct, we affirm the court's holding that the taxpayer's expenses were ordinary and necessary business expenses incurred while the taxpayer was away from home, deductible under Section 162 of the Internal Revenue Code.

AFFIRMED.

---

**3.** There appears to be a conflict in the law of our Circuit as to whether a taxpayer's personal residence or his place of business is home for tax purposes. *Compare Wallace v. Commissioner*, 144 F.2d 407, 410 (9th Cir. 1944) (home is personal residence), *with Wills v. Commissioner*, 411 F.2d 537, 540 (9th Cir. 1969) (baseball player's tax home is team's city), *and Smith v. Warren*, 388 F.2d 671, 673 (9th Cir. 1968) (no travelling expenses allowed between ship pilot's home and office), *and Wright v. Hartsell*, 305 F.2d 221, 224–25 (9th Cir. 1962) (tax home is place of employment if it is rea-

sonable for taxpayer to have residence nearby). We find it unnecessary to resolve the dispute in this case because of Frank's extensive business activities in Oregon.

**4.** Even if we applied the rule advanced by the government that the taxpayer's home is where his business is located, it is arguable that under the facts of this case the taxpayer's home is indeed Oregon, because an overwhelming percentage of the taxpayer's income, and therefore his business, was based in Oregon.