DAVID L. HAMILTON and MAGGY A. HAMILTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hamilton v. Commissioner
Docket No. 10403-77.
United States Tax Court
T.C. Memo 1979-186; 1979 Tax Ct. Memo LEXIS 341; 38 T.C.M. (CCH) 775; T.C.M. (RIA) 79186; May 10, 1979, Filed David L. Hamilton, pro se. Patrick J. Dowling, for the respondent. *342 FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in petitioners' Federal income tax for the taxable year 1975 in the amount of $611.98. Concessions having been made, the following issues remain for our decision: (1) Whether amounts claimed by petitioner husband, for meal expenses while traveling away from home, have been properly substantiated pursuant to section 274(d); [1]
(2) Whether costs incurred by petitioner husband for the purchasing and cleaning of work clothes are bona fide employee business expenses within the meaning of section 162(a); (3) Whether sums expended by petitioner husband as a result of a felony assault prosecution are deductible as employee business expenses; (4) Whether a portion of the cost of a personal telephone in petitioner's private residence is deductible as a bona fide employee business expense; and (5) Whether unreimbursed exenses arising from the performance of certain donated services, including the transporting of petitioners' children, are fully deductible as a charitable contribution under section 170. *343 FINDINGS OF FACT Petitioners are married individuals whose joint return for the year in issue was filed with the Internal Revenue Service Center, Kansas City, Missouri. At the time of the filing of this petition they resided in Blue Springs, Missouri. All of the issues herein concern only David L. Hamilton, who will hereinafter be referred to as petitioner. During the year in issue petitioner was employed as a truck driver for Consolidated Freightways Corporation (CF). As a CF employee, petitioner maintained a driver's daily log in which he recorded the number of hours traveled away from home on various routes. While on the road, CF paid for petitioner's lodging but petitioner paid for all his own meals. Petitioner neither maintained contemporaneous records nor retained documentary evidence as to his meal expenses. In 1975, petitioner claimed, and deducted as an employee business expense, $2,850 for meals while away from home. He based this amount on an estimate arrived at by reference to his driver's daily log. Petitioner considered any portion of a day spent away from home as a full day of travel, which he computed to be a total of 190 days. For instance, a trip *344 which commenced on January 29, 1975, at 3:30 p.m. and ended on January 30, 1975, at 7:45 p.m., encompassing a period of appeoximately 28 hours, was considered by petitioner to be two 24-hour periods away from home. He then multiplied his estimate of 190 days by an estimated per diem rate of $15 to arrive at the total meal expense deduction of $2,850. Respondent has disallowed only $1,878 of the above amount even in the absence of either substantiating records or corroborating evidence. The basis for respondent's calculation, like petitioner's, was the daily log. Unlike petitioner, however, respondent determined the total hours petitioner spent away from home (2,591) and divided this figure by 24 hours, producing a quotient of 108 days. Respondent then allowed petitioner a per diem rate of $9. In addition to the meal expense deduction claimed by petitioner he also deducted $331.13 for clothing purchases and $255 for cleaning expenses incurred for the cost of cleaning clothes used on his job. During 1975, petitioner purchased the following described clothing at various retail stores, which he used in his job as a truck driver: Suit
$151.27
Western Suit
49.80
Work underwear
9.37
Gloves
2.77
Boots
27.08
Underwear and shirts
12.98
Work socks
7.26
Work pants
14.55
Gloves
3.01
Work socks
2.00
Jeans and shirts
68.31
Gloves
7.65
Gloves
6.95
*345 None of the above items of clothing was required by petitioner's employer and all were adaptable to general usage. Respondent disallowed petitioner's deduction for the clothing purchased and the cleaning expenses, determining that such amounts were not bona fide employee business expenses. In September 1975, petitioner had violent altercation with his supervisor that led to his arrest on charges of felony assault, reckless driving, and speeding. The reckless driving charge was dismissed. Petitioner had one trial for the speeding charge and two trials for the assault charge, which ultimately resulted in his conviction of a misdemeanor. He deducted $45 for mileage driven to attend each of these three trials as an employee business expense. Respondent determined that only the expense incident to the speeding charge was incurred in connection with petitioner's trade or business, and disallowed the remaining $90 as a nondeductible personal expense. One final item that respondent fully disallowed, as an employee business expense, was petitioner's deduction of $323.92 for business usage of his personal residence telephone. Petitioner calculated this amount by simply declaring that *346 one-half of his aggregate telephone charges for 1975 was attributable to business. His allocation was based upon the fact that since he worked on his employer's "extra board" the phone was necessary because his employer would contact him via telephone for each job. However, petitioner testified he would have had a phone absent this circumstance because, inter alia, he phoned his wife every evening when he was away from home. In addition to these claimed employee business expense deductions, petitioner also claimed a charitable deduction on Schedule A, as an itemized deduction, in the amount of $74 for the Girl Scouts of U.S.A. His basis for so doing was the fact that petitioner's wife was a Girl Scout leader and that petitioner incurred out-of-pocket automobile expenses to transport children to various Girl Scout functions. Petitioners' four children were among the children transported to these activities. Respondent disallowed the full amount of the charitable deduction on the basis that such amount was a personal expenditure. OPINION As to the first issue, petitioner falls squarely within section 1.274-5(c)(2)(i), Income Tax Regs., which provides, in relevant part: *347 (2) Substantiation by adequate records-- (i) In general. To meet the "adequate records" requirements of section 274(d), a taxpayer shall maintain an account book, diary, statement of expense or similar record (as provided in subdivision (ii) of this subparagraph) and documentary evidence (as provided in subdivision (iii) of this subparagraph) which, in combination, are sufficient to establish each element of an expenditure specified in paragraph (b) of this section. * * * This regulation has often been approved in its application to meal deductions. See, inter alia, Sanford v. Commissioner,50 T.C. 823, 826 (1968), affd. per curiam 412 F. 2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969); Rutz v. Commissioner,66 T.C. 879, 884 n. 6 (1976). Furthermore, section 274 contemplates substantiation by more than self-serving testimony. Ashby v. Commissioner,50 T.C. 409 (1968). Petitioner admits that he has maintained no records and that he has no documentary evidence of the amounts he spent on business meals while traveling away from home. He substituted for such proof his driver's daily log *348 in which he recorded only the number of hours he drove and the duration of the stops. According to petitioner's calculations, the total allowable meal expense deduction is $2,850. Respondent allowed a deduction for away-from-home meal expenses of $972. Under the regulation, supra, petitioner must, at the very least, support his claimed deduction by "an account book, diary, statement of expense or similar record" in which various elements of the expenditures are recorded. The log book which petitioner has introduced at trial fails to meet the aforementioned statutory requirements in that it does not indicate the amount of his expenditures. [2] While petitioner is entitled to no deduction under the strict requirements of section 274(d), we think that respondent was generous in his allowance and sustain his determination. *349 As to the second issue, the record is clear that the $331.13 incurred for the purchase of clothes, which was disallowed by respondent, was not for "work clothes" as characterized by petitioner, but for clothes used in the course of petitioner's work. The general rule formulated by this Court is clear, if the clothes are adaptable for ordinary wear, their cost is a personal expenditure and clearly nondeductible, as illustrated by our decision in Donnelly v. Commissioner,28 T.C. 1278, 1280 (1957): As for the deduction for clothing expenses, the petitioner's argument is that his clothes and work aprons were worn out prematurely because of the rough materials worked on and the process used in his work, and thus his job forced him to purchase strong, heavy work clothes. The record indicates that the petitioner was not required by his employer to wear any particular type of clothing at his work, and it appears that the clothing which he did wear, except for the aprons, was of a kind adaptable generally to wear away from work as well as at work. It also appears that the aprons which the petitioner wore while at work were selected by him at his discretion for his *350 convenience in his work and to save wear and tear on his other work clothes. The petitioner's costs of clothing are thus personal expenses and not deductible by him. * * * [Emphasis supplied.] Since the articles of clothing at issue were not required by petitioner's employer and were of a kind adaptable generally to wear away from work as well as at work, their cost was not a necessary business expense as required under section 162(a). See Roberts v. Commissioner,10 T.C. 581 (1948), affd. 176 F. 2d 221 (9th Cir. 1949); Rev. Rul. 70-474, 1970-2 C.B. 35. Similarly, the cost of cleaning such articles of clothing is also a nondeductible personal expenditure pursuant to section 262. [3] We find this issue for respondent. As to the third issue, it is well settled that the expense of defending a criminal action, notwithstanding the relative success of such defense, in *351 deductible, provided the origin and character of the claim with respect to which the expense was incurred was connected with petitioner's trade or business. Commissioner v. Tellier,383 U.S. 687 (1966); United States v. Gilmore,372 U.S. 39 (1963). However, to qualify for the deduction, the expenditure must still satisfy the statutory requirement that it was an ordinary and necessary expense in carrying on petitioner's trade or business. Cf. Nadiak v. Commissioner,356 F. 2d 911, 912 (2d Cir. 1966), affg. a Memorandum Opinion of this Court; Kurkjian v. Commissioner,65 T.C. 862, 868 (1976). The burden of proof in this respect is upon petitioner. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
On the evidence before us we must sustain respondent's disallowance of the $90 for mileage driven to attend the two assault trials. Petitioner's testimony reveals that his fist fight with his supervisor arose mainly out of personal animosity and was not incurred in connection with his trade or business. As to the fourth issue, we have held that *352 the cost of having a telephone installed in a personal residence is a deductible business expense provided that it is closely and directly related to petitioner's earning of income and that it is reasonably necessary in the course of his employment. Roth v. Commissioner,17 T.C. 1450, 1455 (1952). Petitioner in the instant case seeks to deduct one-half of his annual telephone bill for 1975 as an ordinary and necessary employee business expense. It is necessary "where substantial business and personal motives exist" to make an allocation between the business and the personal uses. International Artists, Ltd. v. Commissioner,55 T.C. 94, 105 (1970). The only evidence presented by petitioner to substantiate this claimed deduction was his own self-serving testimony. It is true that petitioner was called for each trip he made, but the record is silent as to any employer requirement for the phone as in Roth v. Commissioner,supra. Finally, petitioner testified that he would have had a telephone in his home solely for personal reasons notwithstanding its occasional business use. We conclude from all of the above that petitioner *353 has shown no "substantial business motive" for this expense and find this issue for respondent. As to the last issue, section 1.170(a)-1(g), Income Tax Regs., provides that unreimbursed expenditures, made incident to the rendering of services to an organization, contributions to which are deductible, may constitute a deductible contribution. However, if such expenditure were made principally for the personal benefit of the taxpayer, no charitable contribution deduction under section 170 is allowed. As we said in Tate v. Commissioner,59 T.C. 543, 550 (1973): "Expenses incurred in the rendition of services to a qualified charitable organization may, and often do, have a dual character. They may benefit both the charity and the taxpayer." Harris W. Seed,57 T.C. 265, 276 (1971); see also Orr v. United States,343 F. 2d 553, 557 (C.A. 5, 1965); Green v. Bookwalter,207 F. Supp. 866, 880 (W.D. Mo. 1962), affd. 319 F. 2d 631 (C.A. 8, 1963); cf. Edward A. Murphy,54 T.C. 249, 254 (1970). The presence of a substantial, direct, personal benefit to the taxpayer or to someone else other *354 than the charity is fatal to the claim for a charitable contribution. See Harris W. Seed,supra at 276. We think it apparent that the principal beneficiaries of the expenses here in question were petitioner and her son. We think the instant case is indistinguishable. Petitioner claimed a deduction $74of in 1975 for transporting his four children, and sometimes other children, to and from various activities of the Girl Scouts. We hold that petitioner's children were the principal beneficiaries of this expense and therefore sustain respondent's determination. Because of concessions, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. Accord, Johnson v. Commissioner,T.C. Memo. 1970-134↩ (wherein a truck driver was not allowed to deduct travel expenses, including meal expenses, in excess of the amounts allowed by respondent since he failed to substantiate such amounts, notwithstanding the presence of his daily log, in accordance with the requirements of section 274(d)).
3. Peacock v. Commissioner,T.C. Memo. 1978-30↩ (wherein, inter alia, an employee business expense deduction was disallowed for the cost of cleaning taxpayer's business suits since such expense was held to be a nondeductible personal expenditure).