PAUL W. COUSINO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cousino v. Commissioner
Docket No. 9620-79.
United States Tax Court
T.C. Memo 1981-19; 1981 Tax Ct. Memo LEXIS 718; 41 T.C.M. (CCH) 722; T.C.M. (RIA) 81019; January 26, 1981. Paul W. Cousino, pro se. James R. Rich, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 509 in petitioner's 1976 Federal income tax. The issues for decision are: 1. Whether petitioner is entitled to deduct expenses attributable to the use of his home office; and 2. Whether petitioner is entitled to deduct such expenses as an adjustment to gross income. FINDINGS OF FACT Petitioner Paul W. Cousino was a legal resident of Sterling Heights, Michigan, when he filed his petition. He timely filed his Federal income tax return for 1976. During 1976, petitioner was employed as a junior high school social studies teacher by the Utica, Michigan, school system. During this same period, petitioner also served on the Board of Trustees for Macomb County Community College. Petitioner, who was elected to this latter position, received no compensation *721 for his services. The board held regular monthly meetings as well as many special meetings on one of two campuses. Petitioner's position as a trustee at the college was unrelated to his employment as a junior high school teacher. During 1976, petitioner was required by the terms of his teaching employment contract to be at school for over 7 hours. While at school, petitioner was assigned a classroom containing shelves, a filing cabinet, and a desk where he could sit and work. In addition, petitioner had access to a vacant office in the school. This office contained a telephone and was generally available to teachers and visiting specialists, such as the school psychologist. Petitioner lived in a mobile home during the year in issue. Although not required by his employment contract, petitioner apportioned part of the space of his home as an office. He used the office in connection with his teaching position to prepare lessons, communicate with parents, and grade papers. Petitioner also used his home office for his duties as a trustee such as answering and making telephone calls, reading correspondence, and preparing for board meetings. The office contained a television *722 set. On his 1976 Federal income tax return, petitioner claimed various expenses, including those attributable to his home office as an adjustment to gross income. He based the amount of the home office deductions upon the percentage of the mobile home that the office comprised. In his notice of deficiency, respondent disallowed the deductions to the extent they were attributable to petitioner's home office. OPINION Congress enacted section 280A[1] to limit the deductions for expenses of an office in the home. Effective for taxable years beginning after December 31, 1975, that section provides the general rule that "no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." Sec. 208A(a). An exception to this rule, however, is set out in section 280A(c)(1) as follows: (1) Certain business use.--Subsection (a) shall not apply *723 to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) as the taxpayer's principal place of business, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. Petitioner first argues that he used his home office in connection with his duties as a junior high school teacher. For petitioner to be entitled to a home office deduction, he must show that his office was exclusively used on a regular basis for one of the three purposes enumerated in section 280A(c)(1). Moreover, because petitioner was an employee, he must also show that the use of the office was for the convenience of his employer. We hold that petitioner fails to qualify for the home office deduction under these requirements. *724 It is clear that the home office was not a separate structure from his dwelling unit. Sec. 280A(c)(1)(C). It is also clear that petitioner's principal place of business was the school where he taught rather than his home office. Sec. 280A(c)(1)(A). Petitioner was provided with his own classroom as well as access to another office at the school. Further, petitioner's employment contract required his presence at the school for over 7 hours a day. Petitioner contends that he met the requirements of section 280A(c)(1)(B) on the theory that the office was used by "clients * * * in * * * dealing with the taxpayer in the normal course of * * * business." Petitioner argues that students used the office because their papers were graded there. Petitioner also argues that parents used the office facilities for communication with petitioner. We do not agree that the office was used by clients. Merely because petitioner graded papers at his office does not mean that his students thereby used the office to deal with petitioner. To the contrary, it was petitioner, and not the students, who used the office. Similarly, petitioner's use of the office to telephone parents does not constitute *725 use of the office by petitioner's clients within the meaning of section 280A(c)(1)(B). Therefore, petitioner is not entitled to a deduction for the use of his home office for his teaching duties. [2]
Petitioner also argues that his home office expenses are deductible because of his use of the office for his activities as a member of the Board of Trustees of Macomb County Community College. Respondent, to the contrary, contends that petitioner's trustee activities do not constitute a trade or business. Respondent observes that petitioner was aware that State law prohibited compensating board members for their services. Thus, he concludes that petitioner's activities as a trustee cannot be characterized as a trade or business because petitioner did not intend to profit from those activities. Generally, an activity engaged in without an expectation of profit is not considered a trade or *726 business. See Hirsch v. Commissioner,315 F.2d 731, 736 (9th Cir. 1963), affg. a Memorandum Opinion of this Court; Kurkjian v. Commissioner,65 T.C. 862, 867 (1976). However, "[t]he term 'trade or business' includes the performance of the functions of a public office" even though a profit motive does not exist. Sec. 7701(a)(26). See Frank v. United States,577 F.2d 93, 95 (9th Cir. 1978). The board of trustees of each community college district in Michigan was empowered by statute to, among other things, buy and sell property, borrow funds, issue bonds, and levy taxes. See Mich. Stat. Ann. secs. 15.615(1101)--15.615(1145) (1979). Although it appears to us that petitioner's activities as a member of the board of trustees constituted the performance of the functions of public office within the meaning of section 7701(a)(26), see Green v. Bookwalter,207 F.Supp. 866 (W.D. Mo. 1962), affd. 319 F.2d 631 (8th Cir. 1963), we do not decide that issue. Assuming, arguendo, that petitioner's trustee duties constituted a trade or business, and further assuming that the requirements of section 280A(c)(1) *727 were met with regard to those trustee duties, petitioner nevertheless is not entitled to a home office expense deduction. Under section 280A(c)(5), [3] the amount of a deduction for the qualified business use of a home office is limited to the extent that the gross income derived from that use exceeds the deductions which are allowable regardless of whether the home was used for business purposes. Petitioner derived no income from his trustee activities. Consequently, the home office deduction to which petitioner is entitled equals zero. *728 Petitioner finally argues that he is entitled to a deduction under section 280A(c)(3)[4] because part of the expenses for his home office were attributable to payments for rental of the space where he kept his mobile home. That exception, however, applies only where the taxpayer rents his dwelling unit or a portion thereof to another person. It does not provide an exception to the general rule of section 280A merely because the taxpayer is a lessee. See sec. 280A(e). [5]
*729 To reflect the foregoing. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩
2. Because we have found that petitioner has failed to meet the other requirements of sec. 280A(c)(1)↩, we do not decide whether the use of his home office was for the convenience of his employer.
3. Sec. 280A(c)(5) provides: (5) Limitation on deductions.--In the case of a use described in paragraph (1), (2), or (4), and in the case of a use described in paragraph (3) where the dwelling unit is used by the taxpayer during the taxable year as a residence, the deductions allowed under this chapter for the taxable year by reason of being attributed to such use shall not exceed the excess of-- (A) the gross income derived from such use for the taxable year, over (B) the deductions allocable to such use which are allowable under this chapter for the taxable year whether or not such unit (or portion thereof) was so used.↩
4. Sec. 280A(c)(3) provides: (3) Rental use.--Subsection (a) shall not apply to any item which is attributable to the rental of the dwelling unit or portion thereof (determined after the application of subsection (e)). Sec. 280A(e) provides as follows: (e) Expenses Attributable to Rental.-- (1) In general.--In any case where a taxpayer who is an individual or an electing small business corporation uses a dwelling unit for personal purposes on any day during the taxable year (whether or not he is treated under this section as using such unit as a residence), the amount deductible under this chapter with respect to expenses attributable to the rental of the unit (or portion thereof) for the taxable year shall not exceed an amount which bears the same relationship to such expenses as the number of days during each year that the unit (or portion thereof) is rented at a fair rental bears to the total number of days during such year that the unit (or portion thereof) is used. (2) Exception for deductions otherwise allowable.--This subsection shall not apply with respect to deductions which would be allowable under this chapter for the taxable year whether or not such unit (or portion thereof) was rented. ↩
5. See footnote 4, supra.
Because we have found that petitioner is not entitled to a deduction for his home office, we do not need to decide the issue of whether petitioner is entitled to deduct the expenses as an adjustment to gross income.↩