2 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jiri CERNY, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70123.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 7, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jiri Cerny appeals pro se the tax court's decision finding that he was not entitled to deduct meals, lodging, and transportation expenses for tax year 1986 pursuant to 26 U.S.C. Sec. 162(a)(2). We have jurisdiction pursuant to 26 U.S.C. Sec. 7482(a), and we affirm.
 
 
 3
 Section 162(a) of the Internal Revenue Code allows taxpayers to deduct "traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business." 26 U.S.C. Sec. 162(a)(2). The tax court, relying on our decision in James v. United States, 308 F.2d 204 (9th Cir.1962), held that Cerny was not "away from home" while he worked at various job sites because he had failed to prove that the Chicago address Cerny cited as his "home" was his "tax home" during tax year 1986. Accordingly, the tax court denied his section 162(a)(2) deductions.
 
 
 4
 In James, we observed that Congress's purpose in enacting section 162(a)(2) was to mitigate the burden on taxpayers who are compelled to duplicate expenses or to pay higher prices for food and shelter because they are required to travel for trade or business. See 308 F.2d at 207. Accordingly, we held that "a taxpayer has a home [for purposes of section 162(a)(2) ] only when it appears that he has incurred substantial continuing living expenses at a permanent place of residence." Id. at 208; see also Barone v. Commissioner, 85 T.C. 462, 465 (1985), aff'd without published opinion, 807 F.2d 177 (9th Cir.1986).
 
 
 5
 The tax court's determination of the existence and location of a taxpayer's home for purposes of section 162(a)(2) is a determination of fact which will be overturned only if clearly erroneous. See Frank v. United States, 577 F.2d 93, 97 (9th Cir.1978).
 
 
 6
 Here, the tax court found that the finished basement in Chicago which Cerny rented from a friend for $175 a month did not constitute a permanent residence given his minimal business and personal connections with the Chicago area. Moreover, the record indicates that Cerny never worked in the Chicago area, maintained a post office box in Kirkland, Washington for personal and business correspondences, kept personal belongings at a storage facility in California, and had bank accounts in various locations where he worked. Given these circumstances, we cannot say that the tax court's determination that Cerny was not "away from home" for purposes of section 162(a)(2) was clearly erroneous. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3