JOEL DRUM AND JOSEFA RITA DRUM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Drum v. Commissioner
Docket No. 7428-93
United States Tax Court
T.C. Memo 1994-433; 1994 Tax Ct. Memo LEXIS 443; 68 T.C.M. (CCH) 595; August 25, 1994, Filed *443 Decision will be entered under Rule 155. H, an attorney, moved to Sacramento, California, from Los Angeles, California, in 1985 to work for law firm 1. H's wife, W, remained in Los Angeles and worked for law firm 2. H quit his job in 1989 and primarily pursued a graduate degree at a school in Sacramento. On Dec. 16, 1989, following 14 months of virtual unemployment in Sacramento, H began working for law firm 2 under a 1-year employment contract. H rented a house in the Los Angeles area during this employment. H resided in the house with W, who owned a house in the area and who continued to work for law firm 2. H went back to Sacramento in Nov. 1990. He returned to Los Angeles in May 1991 to operate law firm 2 which he had purchased. Held: H and W failed to prove that Los Angeles was not their tax home during 1990; thus, we sustain R's determination that sec. 162(a)(2) does not allow H and W to deduct the rental payments for the house in the Los Angeles area. Held, further, we sustain R's determination of an accuracy-related penalty under sec. 6662(a) with respect to H and W's deduction of these payments. Joel Drum and Josefa Rita Drum, pro sese. For respondent: *444 John Y. Chinnapongse. LARO
LARO
MEMORANDUM OPINION LARO, Judge: This case is before the Court pursuant to a petition filed by Joel Drum and Josefa Rita Drum to redetermine respondent's determination of a $ 5,525 deficiency in their 1990 Federal income tax and a $ 1,105 addition thereto under section 6662(a). Section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Joel Drum and Josefa Rita Drum are collectively referred to as petitioners and are separately referred to as Mr. Drum and Mrs. Drum, respectively. The parties submitted the case to the Court fully stipulated. See Rule 122(a). Following concessions, [1] we must decide: (1) Whether petitioners may deduct certain lease payments for a home in Encino, California, as traveling expenses under section 162(a)(2). We hold that they may not. (2) Whether petitioners are liable for an addition to tax under section 6662(a). We hold that they are. *445 Background
The facts in the joint stipulation and accompanying exhibits are incorporated herein by this reference. When they filed their petition in this case, petitioners resided in Van Nuys, California. Petitioners were husband and wife during the year in issue. They filed a 1990 Form 1040, U.S. Individual Income Tax Return, and used the filing status of "Married filing joint return". Petitioners were married in 1985. In August 1985, while living in Los Angeles, Mr. Drum accepted a position as an attorney at a law firm in Sacramento, California (the Sacramento law firm). Mr. Drum moved to Sacramento 1 month later and began working at the Sacramento law firm. Petitioners purchased a house in Sacramento in 1986. Mr. Drum resided in Sacramento continuously until the early part of December 1989. [2]
*446 Mr. Drum quit his job with the Sacramento law firm in October 1988. Mr. Drum pursued a degree of Masters of Business Administration at a State university in Sacramento from October 1988 through November 1989, [3] and he sought employment during those months as an office manager of a law firm in that city. On December 16, 1989, following 14 months of virtual unemployment in Sacramento, Mr. Drum began working as an office manager with the law firm in Los Angeles, California (the Los Angeles law firm), that employed Mrs. Drum. Mr. Drum agreed with the Los Angeles law firm to work for it for 1 year. Mr. Drum leased a house in Encino under a 1-year lease during the time that he was working for the Los Angeles law firm. [4] Petitioners and their daughter, who was born in January 1990, resided in this house. [5] Petitioners made payments of $ 13,400 *447 under the lease. Petitioners also leased their house in Sacramento to a third party during the same 1-year period. The lease underlying the Sacramento house provided that the lease was for the 1-year period from December 15, 1989, to December 14, 1990, and "should Lessee remain in possession of the residence with the consent of the Lessor after the expiration date of this lease a new tenancy from month to month shall be created between Lessor and Lessee". Mr. Drum returned to Sacramento in November 1990 and stayed there *448 through May 1991. [6] In May 1991, Mr. Drum returned to Los Angeles to operate the Los Angeles law firm, which he had purchased. [7] Petitioners have lived together in the Los Angeles area with their daughter from May 1991 until the present. [8]
Discussion
We must decide whether petitioners can deduct their lease payments for the home in Encino, California, *449 as traveling expenses under section 162(a)(2). Petitioners contend that they can because Mr. Drum was away from his tax home in Sacramento while temporarily working in Los Angeles in 1990. Respondent contends that they cannot primarily because petitioners' tax homes in 1990 were in Los Angeles. Petitioners bear the burden of proving that their tax homes were not in Los Angeles. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933); Daly v. Commissioner, 72 T.C. 190, 197 (1979), affd. on rehearing 662 F.2d 253 (4th Cir. 1981). The fact that the case was submitted to the Court fully stipulated under Rule 122 does not change or otherwise lessen their burden. Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. on other issues 943 F.2d 22 (8th Cir. 1991). A taxpayer ordinarily may not deduct a personal expense. Sec. 262(b). A taxpayer may deduct a personal expense, however, to the extent that it was: (1) A reasonable traveling expense *450 (e.g., lodging, transportation, fares, and food); (2) incurred while away from home; and (3) an ordinary and necessary expense incurred in pursuit of a trade or business. Sec. 162(a)(2); Commissioner v. Flowers, 326 U.S. 465, 470 (1946). The purpose behind this deduction is to alleviate the burden falling upon a taxpayer whose business requires that he or she incur duplicate living expenses by maintaining two places of abode. Tucker v. Commissioner, 55 T.C. 783, 786 (1971); Kroll v. Commissioner, 49 T.C. 557, 562 (1968); see also Harvey v. Commissioner, 283 F.2d 491, 495 (9th Cir. 1960), revg. and remanding 32 T.C. 1368 (1959). Whether the taxpayer satisfies the three conditions necessary for this deduction is purely a question of fact. Commissioner v. Flowers, supra at 470; see also Frank v. United States, 577 F.2d 93, 97 (9th Cir. 1978); Wills v. Commissioner, 411 F.2d 537, 540 (9th Cir. 1969), affg. 48 T.C. 308 (1967). *451 The trial court's inferences and conclusions with regard to this factual matter are given due weight and are entitled to substantial deference. Commissioner v. Flowers, supra at 470; see also Wills v. Commissioner, supra at 540. Much litigation has centered about the determination of the situs of a taxpayer's tax home. In Commissioner v. Flowers, supra at 474, the Supreme Court held that a taxpayer may not deduct the expenses of traveling to and living at his place of employment unless the traveling was required by the exigencies of his employment, rather than by his "personal conveniences and necessities." In the Flowers case, the taxpayer's principal place of employment was Mobile, Alabama. The taxpayer, however, continued to live in Jackson, Mississippi, and he traveled to Mobile whenever his work required him to be there. The Court found that this travel was not required by the exigencies of his employment, but resulted from his personal choice to live in Jackson. The principles articulated in the Flowers case have subsequently been applied in other cases. From *452 these cases, we understand that a taxpayer's principal place of business generally is his or her tax home, although his or her residence is in another city or is not in the same area as the place of employment.[9]Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Kroll v. Commissioner, supra at 561-562. The rule is different, however, where a taxpayer's employment in another area is temporary as opposed to indefinite. Peurifoy v. Commissioner, 358 U.S. 59 (1958); Horton v. Commissioner, 86 T.C. 589, 593 (1986). A taxpayer's tax home is his or her residence if the employment is temporary; the taxpayer's presence at a second location is considered to be away from home. Kroll v. Commissioner, supra at 562. A taxpayer's tax home is the location of his or her employment if the employment is indefinite or permanent; the taxpayer's presence at a second location is not considered away from home. Id. at 562. *453 Employment is temporary if it is foreseeable that the employment will be terminated within a short period of time. [10]Mitchell v. Commissioner, supra at 581. Conversely, employment is indefinite if the prospects are that the employment will continue for an indefinite or "substantially long" period of time. Wright v. Hartsell, 305 F.2d 221, 224 (9th Cir. 1962); Harvey v. Commissioner, 283 F.2d 491, 495 (9th Cir. 1960), revg. 32 T.C. 1368 (1959). Employment that starts as temporary can later become indefinite. Chimento v. Commissioner, 52 T.C. 1067, 1073 (1969), affd. 438 F.2d 643 (3d Cir. 1971). In this latter case, the location of the taxpayer's employment becomes his or her home. Kroll v. Commissioner, 49 T.C. 557, 562 (1968). *454 Based on the limited record in this case, we hold that petitioners have failed to meet their burden of proving that Sacramento was Mr. Drum's tax home during 1990, and that Mr. Drum's employment in Los Angeles was merely temporary rather than indefinite. [11] Petitioners have also failed to prove that the lease expense for the house in Encino was otherwise required by the exigencies of their employment, rather than by their personal convenience and necessities. *455 As we understand petitioners' argument, Mr. Drum was "away from home" for purposes of section 162(a)(2) because: (1) He began working for the Los Angeles law firm not expecting to be employed in that city for a long period of time, (2) he returned to Sacramento in November 1990, and (3) his employment at the Los Angeles law firm did not actually exceed 1 year. We cannot agree with petitioners' argument and allegations; the record does not support their assertion that Mr. Drum's tax home was Sacramento or that Mr. Drum's work at the Los Angeles law firm was away from his tax home. Also, we are not persuaded that Mr. Drum believed that his employment in Los Angeles would be for a short period of time. Rather, we find that there was a reasonable probability known to him that he would work in Los Angeles for a long period of time. Petitioners rely heavily on the facts that the two leases were for 1 year each, Mr. Drum entered into a 1-year employment contract with the Los Angeles law firm, and Mr. Drum returned to Sacramento in November 1990. We view these facts in a less favorable light than petitioners do. Petitioners have introduced no evidence that shows either why the leases *456 were for 1 year, or why Mr. Drum returned to Sacramento. [12] The record also does not support petitioners' contention that Mr. Drum's employment at the Los Angeles law firm lasted only 1 year. In this regard, however, the Court of Appeals for the Ninth Circuit has suggested that as little as 9 months may be an appropriate dividing line for satisfying the "long period of time test" articulated in Harvey v. Commissioner, 283 F.2d at 495. Doyle v. Commissioner, 354 F.2d 480, 483 n.3 (9th Cir. 1966), affg. T.C. Memo. 1964-110. Mrs. Drum had lived in Los Angeles since her marriage to Mr. Drum, and petitioners had a child in January 1990. Given that Mr. *457 Drum purchased the Los Angeles law firm in or before May 1991, petitioners have left us hard pressed to conclude that Mr. Drum worked at the Los Angeles law firm during 1990 without the intent of making the Los Angeles area (e.g., Encino) his permanent place of employment and abode. [13] We believe that it was apparent to Mr. Drum during 1990 that there was a reasonable probability that he would be working in the Los Angeles area for a long time. Accordingly, we sustain respondent's determination that petitioners may not deduct any of the lease payments on the house in Encino. [14]
*458 Respondent also determined that petitioners' underpayment of income tax for 1990 was due tonegligence, and, accordingly, that petitioners were liable for the penalty under section 6662(a). Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment that is attributable to negligence. [15]
Petitioners have the burden of establishing the incorrectness of respondent's determination that they are liable for an accuracy-related penalty under section 6662(a). Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); see also Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), *459 affg. 92 T.C. 1 (1989); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Petitioners must prove that they were not negligent, i.e., that they made a reasonable attempt to comply with the provisions of the Internal Revenue Code, and that they were not careless, reckless, or in intentional disregard of rules or regulations.[16]Sec. 6662(c). Petitioners' education and business experience are two factors that are considered in determining whether they were negligent in the preparation of their 1990 Federal income tax return. Sutor v. Commissioner, 17 T.C. 64, 68-69 (1951). Mr. Drum is a well-educated attorney. Mrs. Drum was employed as a professional *460 at the Los Angeles law firm during at least the 6-year period ending with the year in issue. All the same, petitioners chose to deduct the expense of a house in Encino. We find that they have failed to establish that they were not negligent in doing so. [17] Accordingly, we conclude that petitioners did not make a reasonable attempt to comply with the provisions of the Internal Revenue Code and sustain respondent's determination with respect to this penalty. We have considered all arguments made by the parties and, to the extent not discussed above, find them to be without merit. To reflect concessions by the parties, Decision will be entered under Rule 155. Footnotes
1. On Mar. 7, 1994, the parties filed a stipulation of settled issues that resolved all issues in the case except for those mentioned below.↩
2. Mrs. Drum worked and resided in Los Angeles from the time she married Mr. Drum until 2 weeks before the end of 1990, except for a brief period of time during 1986 and 1987 when she was employed and resided in Sacramento. Mrs. Drum worked as an office administrator at a law firm in Los Angeles during the year in issue, and the firm paid her wages of $ 29,581.↩
3. The record does not indicate whether Mr. Drum attended the State university on a part-time or full-time basis, or whether Mr. Drum completed the Masters' program in Nov. 1989.↩
4. Encino is proximate to Los Angeles. These two cities are also proximate to Van Nuys, California.↩
5. At this time, Mrs. Drum owned a duplex in Van Nuys, California, that she had purchased before 1985 and that she continues to own today. The record does not indicate the use of the duplex during the period that Mr. Drum leased the house in Encino. The record also does not indicate whether the duplex in Van Nuys was Mrs. Drum's residence in Los Angeles during the period described in note 2.↩
6. The record does not indicate where Mr. Drum stayed while he was in Sacramento, or whether he was working for the Los Angeles law firm during any part of the time that he was in Sacramento. The record also does not indicate the use of petitioners' house in Sacramento following the expiration of the lease on Dec. 14, 1990; e.g., whether it was sold, relet, etc.↩
7. Mr. Drum negotiated to purchase the Los Angeles law firm before May 1991. The record does not indicate the dates on which these negotiations were conducted or the date on which the purchase was consummated.↩
8. Petitioners lived in Mrs. Drum's duplex in Van Nuys from July 1991 through Sept. 1992.↩
9. According to the standard articulated by the Court of Appeals for the Ninth Circuit, the circuit to which appeal lies in this case: in general, as between various possible "abodes," the abode or at least the locale of the abode which is located in the vicinity of the taxpayer's principal place of business or employment, or as close thereto as possible, will be considered the taxpayer's tax home for purposes of the travel expense deduction of section 162(a)(2). * * * [Coombs v. Commissioner, 608 F.2d 1269, 1275 (9th Cir. 1979), affg. in part, revg. in part, and remanding 67 T.C. 426↩ (1976).]
10. According to the slightly different standard articulated by the Court of Appeals for the Ninth Circuit, "An employee might be said to change his tax home if there is a reasonable probability known to him that he may be employed for a long period of time at his new station. What constitutes 'a long period of time' varies with circumstances surrounding each case." Harvey v. Commissioner, 283 F.2d 491, 495 (9th Cir. 1960), revg. 32 T.C. 1368 (1959). At all events, any difference between the test of our Court and the test of the Court of Appeals for the Ninth Circuit does not affect the outcome of this case. See Abbott v. Commissioner, T.C. Memo. 1981-424↩.
11. Petitioners have also failed to meet their burden of proof with respect to Mrs. Drum. A husband and wife may have separate tax homes for purposes of the travel deduction in sec. 162(a)(2), Foote v. Commissioner, 67 T.C. 1 (1976), and we are required to decide the "away from home" issue as to each. Accord Linetsky v. Commissioner, T.C. Memo. 1994-306↩. Petitioners have presented insufficient evidence to disprove respondent's determination that Mrs. Drum's tax home was in Los Angeles, and the record adequately supports respondent's determination. Given that both petitioners resided in the house in Encino, and that both paid the rent due under the lease, we are left to assume that each petitioner paid one-half of the rent; the record does not indicate otherwise, and we take into account the fact that California is a community property State. Accordingly, for the foregoing reason, we sustain respondent's determination with respect to one-half of the lease payments without further comment.
12. We also note that the lease for the Sacramento house contemplated that the lessee would remain in the house at the expiration of the 1-year period, and Mr. Drum was virtually unemployed in Sacramento for the 14-month period before his employment with the Los Angeles law firm.↩
13. We recognize that petitioners owned a house in Sacramento. We also recognize, however, that Mrs. Drum owned a house in the Los Angeles area.↩
14. Because we hold that petitioners were not "away from home" while living in Encino, we need not decide whether the lease payments met the other requirements under sec. 162(a)(2); i.e., the payments were a reasonable traveling expense and were an ordinary and necessary expense incurred in pursuit of a trade or business. See also Commissioner v. Flowers, 326 U.S. 465, 470↩ (1946).
15. Respondent determined that this accuracy-related penalty applied to the total deficiency reflected in her notice of deficiency. On brief, respondent ony asserted that petitioners were negligent with respect to reporting the lease expense. We assume that respondent abandoned her position that petitioners were negligent with respect to her other determinations listed in the notice of deficiency, and we so hold.↩
16. Negligence has been defined as a lack of due care or a failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1↩ (1989).
17. The record does not indicate that petitioners consulted a tax professional with respect to their treatment of the lease payments, or that they deducted these payments based on the advice of such a professional.↩